## LAMBERT, GALLATIN COUNTY ATTORNEY *v.* WICKLUND ET AL.

No. 96–858.   Decided March 31, 1997

PER CURIAM.

Before a minor has an abortion in Montana, one of her parents must be notified. A waiver, or "judicial bypass," of the notification requirement is allowed if the minor can convince a court that notification would not be in her best interests. The Court of Appeals for the Ninth Circuit struck down Montana's parental notification law as unconstitutional, holding that the judicial bypass did not sufficiently protect the right of minors to have an abortion. Because the Ninth Circuit's holding is in direct conflict with our precedents, we grant the petition for a writ of certiorari and reverse.

In 1995, Montana enacted the Parental Notice of Abortion Act. The Act prohibits a physician from performing an abortion on a minor unless the physician has notified one of the minor's parents or the minor's legal guardian 48 hours in advance. Mont. Code Ann. § 50–20–204 (1995).[1] However, an "unemancipated" minor[2] may petition the state youth court to waive the notification requirement, pursuant to the statute's "judicial bypass" provision. § 50–20–212 (quoted in full in an appendix to this opinion). The provision gives the minor a right to court-appointed counsel, and guarantees expeditious handling of the minor's petition (since the petition is automatically granted if the youth court fails to rule on

---

[1] Section 50–20–204 provides in relevant part: "A physician may not perform an abortion upon a minor or an incompetent person unless the physician has given at least 48 hours' actual notice to one parent or to the legal guardian of the pregnant minor or incompetent person of the physician's intention to perform the abortion. . . . If actual notice is not possible after a reasonable effort, the physician or the physician's agent shall give alternate notice as provided in 50–20–205." Section 50–20–205 provides for notice by certified mail. The notice requirement does not apply if "a medical emergency exists and there is insufficient time to provide notice." § 50–20–208(1).

[2] "'Emancipated minor' means a person under 18 years of age who is or has been married or who has been granted an order of limited emancipation by a court . . . ." § 50–20–203(3).

the petition within 48 hours from the time it is filed). §§ 50-20-212(2)(a), (3). The minor's identity remains anonymous, and the proceedings and related documents are kept confidential. § 50-20-212(3).

If the court finds by clear and convincing evidence that *any* of the following three conditions are met, it must grant the petition and waive the notice requirement: (i) the minor is "sufficiently mature to decide whether to have an abortion"; (ii) "there is evidence of a pattern of physical, sexual, or emotional abuse" of the minor by one of her parents, a guardian, or a custodian; or (iii) "the *notification* of a parent or guardian is not in the best interests of the [minor]." §§ 50-20-212(4), (5) (emphasis added). It is this third condition which is at issue here.

Before the Act's effective date, respondents—several physicians who perform abortions, and other medical personnel—filed a complaint seeking a declaration that the Act was unconstitutional and an order enjoining its enforcement. The District Court for the District of Montana, addressing only one of respondents' arguments, held that the Act was unconstitutional because the third condition set out above was too narrow. According to the District Court, our precedents require that judicial bypass mechanisms authorize waiver of the notice requirement whenever "the *abortion* would be in [the minor's] best interests," not just when "*notification* would not be in the minor's best interests." App. to Pet. for Cert. 17a (emphasis in original) (citing *Bellotti* v. *Baird*, 443 U. S. 622, 640–642 (1979) (plurality opinion)). Three days before the Act was to go into effect, the District Court enjoined its enforcement.

The Court of Appeals affirmed, stating that it was bound by its prior decision in *Glick* v. *McKay*, 937 F. 2d 434 (CA9 1991). See *Wicklund* v. *Salvagni*, 93 F. 3d 567, 571–572 (CA9 1996). *Glick* struck down Nevada's parental notification statute which, like Montana's statute here, allowed a minor to bypass the notification requirement if a court deter-

mined that the *notification* would not be in the minor's best interests. The court's conclusion was based on its analysis of our decisions in *Bellotti* v. *Baird, supra,* and *Ohio* v. *Akron Center for Reproductive Health,* 497 U. S. 502 (1990).

In *Bellotti,* we struck down a statute requiring a minor to obtain the *consent* of both parents before having an abortion, subject to a judicial bypass provision, because the judicial bypass provision was too restrictive, unconstitutionally burdening a minor's right to an abortion. 443 U. S., at 647 (plurality opinion); *id.,* at 655–656 (STEVENS, J., concurring in judgment). The Court's principal opinion explained that a constitutional parental consent statute must contain a bypass provision that meets four criteria: (i) allow the minor to bypass the consent requirement if she establishes that she is mature enough and well enough informed to make the abortion decision independently; (ii) allow the minor to bypass the consent requirement if she establishes that the abortion would be in her best interests; (iii) ensure the minor's anonymity; and (iv) provide for expeditious bypass procedures. *Id.,* at 643–644 (plurality opinion). See also *Akron,* 497 U. S., at 511–513 (restating the four requirements).

In *Akron,* we upheld a statute requiring a minor to *notify* one parent before having an abortion, subject to a judicial bypass provision. We declined to decide whether a parental notification statute must include some sort of bypass provision to be constitutional. *Id.,* at 510. Instead, we held that this bypass provision satisfied the four *Bellotti* criteria required for bypass provisions in parental *consent* statutes, and that *a fortiori* it satisfied any criteria that might be required for bypass provisions in parental notification statutes. Critically for the case now before us, the judicial bypass provision we examined in *Akron* was substantively indistinguishable from both the Montana judicial bypass provision at issue here and the Nevada provision at issue in *Glick.* See 497 U. S., at 508 (summarizing Ohio Rev. Code Ann. § 2151.85 (1995)). The judicial bypass provision in *Akron* al-

lowed a court to waive the notification requirement if it determined by clear and convincing evidence "that *notice* is not in [the minor's] best interests" (not that *an abortion* is in her best interests. 497 U. S., at 508 (emphasis added) (citing § 2151.85(A)(4)). And we explicitly held that this provision satisfied the second *Bellotti* requirement, that "the procedure must allow the minor to show that, even if she cannot make the abortion decision by herself, 'the desired abortion would be in her best interests.'" 497 U. S., at 511 (quoting *Bellotti, supra,* at 644).

Despite the fact that *Akron* involved a parental notification statute, and *Bellotti* involved a parental consent statute;[3] despite the fact that *Akron* involved a statute virtually identical to the Nevada statute at issue in *Glick;* and despite the fact that *Akron* explicitly held that the statute met all of the *Bellotti* requirements, the Ninth Circuit in *Glick* struck down Nevada's parental notification statute as inconsistent with *Bellotti:*

> "Rather than requiring the reviewing court to consider the minor's 'best interests' generally, the Nevada statute requires the consideration of "best interests" only with respect to the possible consequences of parental notification. The best interests of a minor female in obtaining an abortion may encompass far more than her interests in not notifying a parent of the abortion decision. Furthermore, in *Bellotti,* the court expressly stated, '[i]f, *all things considered,* the court determines that an abortion is in the minor's best interests, she is entitled to court authorization without any parental involvement.' *Bellotti,* 443 U. S. at 648 (emphasis added). Therefore, the Nevada statute impermissibly narrows

---

[3] See *Bellotti,* 443 U. S., at 654, n. 1 (STEVENS, J., concurring in judgment) ("[T]his case [does not] determin[e] the constitutionality of a statute which does no more than require notice to the parents, without affording them or any other third party an absolute veto").

the *Bellotti* 'best interests' criterion, and is unconstitutional." 937 F. 2d, at 439.

Based entirely on *Glick,* the Ninth Circuit in this case affirmed the District Court's ruling that the Montana statute is unconstitutional, since the statute allows waiver of the notification requirement only if the youth court determines that notification—not the abortion itself—is not in the minor's best interests. 93 F. 3d, at 572.

As should be evident from the foregoing, this decision simply cannot be squared with our decision in *Akron.* The Ohio parental notification statute at issue there was indistinguishable in any relevant way from the Montana statute at issue here. Both allow for judicial bypass if the minor shows that parental *notification* is not in her best interests. We asked in *Akron* whether this met the *Bellotti* requirement that the minor be allowed to show that "the desired abortion would be in her best interests." We explicitly held that it did. 497 U. S., at 511. Thus, the Montana statute meets this requirement, too. In concluding otherwise, the Ninth Circuit was mistaken.

Respondents (as did the Ninth Circuit in *Glick*) place great emphasis on our statement in *Akron,* that "[t]he statute requires the juvenile court to authorize the minor's consent where the court determines that *the abortion* is in the minor's best interest." 497 U. S., at 511 (emphasis added) (citing Ohio Rev. Code Ann. § 2151.85(C)(2) (Supp. 1988)). But since we had clearly stated that the statute actually required such authorization only when the court determined that *notification* would not be in the minor's best interests, it is wrong to take our statement to imply that the statute said otherwise. Rather, underlying our statement was an assumption that a judicial bypass procedure requiring a minor to show that *parental notification is not* in her best interests is equivalent to a judicial bypass procedure requiring a minor to show that *abortion without notification is* in her best in-

terests, as the context of the opinion, the statutory language, and the concurring opinion all make clear.[4]

Respondents, echoing the Ninth Circuit in *Glick*, claim that there is a constitutionally significant distinction between requiring a minor to show that parental notification is not in her best interests, and requiring a minor to show that an abortion (without such notification) is in her best interests. See Brief in Opposition 12–13; 937 F. 2d, at 438–439. But the Montana statute draws no such distinction, and respondents cite no Montana state-court decision suggesting that the statute permits a court to separate the question whether parental notification is not in a minor's best interest from an inquiry into whether abortion (without notification) is in the minor's best interest. As with the Ohio statute in *Akron*, the challenge to the Montana statute here is a facial one. Under these circumstances, the Ninth Circuit was incorrect to assume that Montana's statute "narrow[ed]" the *Bellotti* test, 937 F. 2d, at 439, as interpreted in *Akron*.

---

[4] See 497 U. S., at 517 ("if she can demonstrate that her maturity or best interests favor abortion without notifying one of her parents"); *id.*, at 522 (STEVENS, J., concurring in part and concurring in judgment) ("Although it need not take the form of a judicial bypass, the State must provide an adequate mechanism for cases in which the minor is mature or *notice* would not be in her best interests" (emphasis added)); Ohio Rev. Code Ann. § 2151.85(C)(2) (1994) ("[I]f the court finds, by clear and convincing evidence, . . . that the notification of the parents, guardian, or custodian of the [minor] otherwise is not in the best interest of [the minor], the court shall issue an order authorizing the [minor] to consent to the performance or inducement of an abortion without the notification of her parents, guardian, or custodian"). See also *Hodgson* v. *Minnesota*, 497 U. S. 417, 497 (1990) (KENNEDY, J., concurring in judgment in part and dissenting in part) (interpreting Minnesota judicial bypass procedure which requires minor to show that "an *abortion* . . . *without notification* of her parents, guardian, or conservator *would be* in her best interests," Minn. Stat. § 144.343(6) (1988) (emphasis added), as authorizing exemption from strictures of parental notification scheme in "those cases in which . . . *notification of the minor's parents is not* in the minor's best interests" (emphasis added)).

Because the reasons given by the District Court and the Ninth Circuit for striking down the Act are inconsistent with our precedents, we grant the petition for a writ of certiorari and reverse the judgment of the Ninth Circuit.

*It is so ordered.*

## APPENDIX TO PER CURIAM OPINION

*Mont. Code Ann. § 50–20–212 (1995):*

"(1) The requirements and procedures under this section are available to minors and incompetent persons whether or not they are residents of this state.

"(2) (a) The minor or incompetent person may petition the youth court for a waiver of the notice requirement and may participate in the proceedings on the person's own behalf. The petition must include a statement that the petitioner is pregnant and is not emancipated. The court may appoint a guardian ad litem for the petitioner. A guardian ad litem is required to maintain the confidentiality of the proceedings. The youth court shall advise the petitioner of the right to court-appointed counsel and shall provide the petitioner with counsel upon request.

"(b) If the petition filed under subsection (2)(a) alleges abuse as a basis for waiver of notice, the youth court shall treat the petition as a report under 41–3–202. The provisions of Title 41, chapter 3, part 2, apply to an investigation conducted pursuant to this subsection.

"(3) Proceedings under this section are confidential and must ensure the anonymity of the petitioner. All proceedings under this section must be sealed. The petitioner may file the petition using a pseudonym or using the petitioner's initials. All documents related to the petition are confidential and are not available to the public. The proceedings on the petition must be given preference over other pending

300

matters to the extent necessary to ensure that the court reaches a prompt decision. The court shall issue written findings of fact and conclusions of law and rule within 48 hours of the time that the petition is filed unless the time is extended at the request of the petitioner. If the court fails to rule within 48 hours and the time is not extended, the petition is granted and the notice requirement is waived.

"(4) If the court finds by clear and convincing evidence that the petitioner is sufficiently mature to decide whether to have an abortion, the court shall issue an order authorizing the minor to consent to the performance or inducement of an abortion without the notification of a parent or guardian.

"(5) The court shall issue an order authorizing the petitioner to consent to an abortion without the notification of a parent or guardian if the court finds, by clear and convincing evidence, that:

"(a) there is evidence of a pattern of physical, sexual, or emotional abuse of the petitioner by one or both parents, a guardian, or a custodian; or

"(b) the notification of a parent or guardian is not in the best interests of the petitioner.

"(6) If the court does not make a finding specified in subsection (4) or (5), the court shall dismiss the petition.

"(7) A court that conducts proceedings under this section shall issue written and specific findings of fact and conclusions of law supporting its decision and shall order that a confidential record of the evidence, findings, and conclusions be maintained.

"(8) The supreme court may adopt rules providing an expedited confidential appeal by a petitioner if the youth court denies a petition. An order authorizing an abortion without notice is not subject to appeal.

"(9) Filing fees may not be required of a pregnant minor who petitions a court for a waiver of parental notification or appeals a denial of a petition."

JUSTICE STEVENS, with whom JUSTICE GINSBURG and JUSTICE BREYER join, concurring in the judgment.

We assumed in *Ohio v. Akron Center for Reproductive Health*, 497 U. S. 502 (1990) *(Akron II)*, that a young woman's demonstration that an abortion would be in her best interest was sufficient to meet the requirements of the Ohio statute's judicial bypass provision. In my view, that case requires us to make the same assumption here. Whether that is a necessary showing is a question we need not reach.

In *Akron II*, we upheld a statute authorizing a judicial bypass of a parental notice requirement on the understanding that Ohio Rev. Code Ann. § 2151.85(C)(2) (1995) required the juvenile court to authorize the procedure whenever it determined that "the abortion is in the minor's best interest," 497 U. S., at 511. Given the fact that the relevant text of the Montana statute at issue in this case, Mont. Code Ann. § 50–20–212(5)(b) (1995), is essentially identical to the Ohio provision, coupled with the fact that the Montana Attorney General has advised us that "the best interests standard in § 50–20–212(5)(b) [is] either identical to or substantively indistinguishable from the best interests" provision construed in *Akron II*, Pet. for Cert. 7, it is surely appropriate to assume that the Montana provision also requires the court to authorize the minor's consent whenever the abortion is in her best interests. So understood, the Montana statute is plainly constitutional under our ruling in *Akron II*. Because the Court of Appeals erroneously construed the statute in a manner that caused that court to hold the statute unconstitutional, I agree with the majority that the judgment below should be reversed.*

---

*Our reading of the statute in *Akron II* appropriately recognized that the two inquiries at issue here—whether an abortion is in a young woman's best interest, and whether notifying a minor's parents of her desire to obtain an abortion is in her best interest—are sometimes linked. For example, if a judge finds after careful assessment of all the circumstances

While a showing that an abortion is in a young woman's best interest is therefore sufficient to satisfy the Montana judicial bypass provision as we understood an analogous statute in *Akron II*, I do not think the Court need address whether the Montana statute can be properly understood to make such a demonstration a necessary requirement. My colleagues suggest that the statute requires a minor "to show that abortion without notification is in her best interests," *ante*, at 297–298 (emphasis deleted). To the extent this language indicates that a young woman must demonstrate *both* that abortion is in her best interest *and* that notification is not, I think that question is best left for another day. I note, however, that the plain language of the statute makes passably clear that a showing that notification is not in the minor's best interest is alone sufficient. See Mont. Code Ann. § 50–20–212(5)(b) (1995) ("The court shall issue an order authorizing the petitioner to consent to an abortion without the notification of a parent . . . if the court finds, by clear and convincing evidence, that . . . the notification of a parent . . . is not in the best interests of the petitioner").

Although I therefore do not agree with all of the Court's reasoning, I concur in the majority's view that the judgment of the Court of Appeals must be reversed.

---

that the abortion a young woman seeks would be in her best interest, and determines that notifying her parents is both opposed by the young woman and would likely cause her to be deterred from pursuing the treatment decision that would serve her best, then parental notification is assuredly not in her best interest. Under such circumstances, the proper course for the trial judge would be to permit the abortion without notification.